IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRYAN D. CANNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CV-532-WKW |
| | ) | [WO] |
| L. BERNARD SMITHART | ) | |
| and RASHAWN F. HARRIS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Proceeding *pro se*, Plaintiff Bryan D. Cannon has filed a "Civil Rights Complaint" in which he moves this court to "[i]ssue a[] restraining order enjoining the named defendants or their agents from retaliating physically under the color of law or other[wise] for seeking lawful redress of the claims alleged herein." (Doc. # 1, at 18.) To the extent this request is for a temporary restraining order, the request is due to be denied.

Federal Rule of Civil Procedure 65(b) governs requests for temporary restraining orders. A temporary restraining order may be issued without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing

any efforts made to give notice and the reasons why it should not be required."

Fed. R. Civ. P. 65(b)(1)(A)–(B).

Mr. Cannon's motion falls short of meeting the prerequisites for the exceptional remedy of a temporary restraining order. He has neither submitted a verified complaint or affidavit in support of his allegations nor has he submitted the certification required by Rule 65(b)(1)(B).

Accordingly, to the extent that Mr. Cannon requests a temporary restraining order, it is ORDERED that the request is DENIED.

It is further ORDERED that the above-styled action is REFERRED to Magistrate Judge pursuant to 28 U.S.C. § 636 for further proceedings and determination or recommendation as may be appropriate.

DONE this 25th day of May, 2018.

_____/s/ W. Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE